UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VINYL KRAFT ACQUISITION, LLC, <br>     Plaintiff, | Case No. 1:22-cv-271 <br> Litkovitz, M.J. |
|     v. | |
| RHI, INC., <br>     Defendant. | **ORDER** |

Plaintiff originally filed this action in the Court of Common Pleas for Scioto County, Ohio, and defendants removed it to this Court. (*See* Docs. 1, 2). This matter is before the Court on defendant RHI, Inc.'s motion to dismiss (Doc. 8), plaintiff Vinyl Kraft Acquisition, LLC's response (Doc. 11), and defendant's reply (Doc. 14).[1]

**I. Background**[2]

Plaintiff is an Ohio limited liability company with its principal place of business in Scioto County, Ohio. According to defendant's owner's affidavit, defendant is a Michigan corporation doing business as "Rapid Roofing." (Beaty Aff., Doc. 8 at PAGEID 57). In mid-June of 2020, plaintiff and defendant entered into an agreement for plaintiff to provide certain construction products to defendant. As of April 27, 2022, the date of plaintiff's state court complaint, defendant owed plaintiff $304,093.88 for construction products shipped to and accepted by defendant.

Plaintiff asserts claims for breach of contract, account, and unjust enrichment based on the account statement attached to its complaint. Defendant's motion to dismiss is styled as if

---

[1] Contained in the latter two filings are a motion to strike and related response that were adjudicated prior to the parties' consent to the undersigned's jurisdiction; only defendant's motion to dismiss remains pending. (*See* Docs. 21, 22).

[2] The factual background is derived from plaintiff's complaint and attached account statement unless otherwise noted. (*See* Doc. 2).

based on "forum non conveniens" but also references Rules 12(b)(2), (3), (6), and (7) of the Federal Rules of Civil Procedure.[3] (*See* Doc. 8 at PAGEID 52).

**II. Analysis**

    A. <u>Personal jurisdiction</u>

Defendant argues that is inconsistent with the due process clause of the Fourteenth Amendment to be subjected to this Court's jurisdiction for merely buying construction products from an Ohio company. Defendant notes that all of its projects that incorporate plaintiff's construction products are located outside of Ohio and that it has not entered Ohio. Defendant also argues in reply that it did not use an agent to transact business in Ohio for purposes of Ohio's long-arm statute.

Plaintiff argues in response that defendant purposefully availed itself of the privileges of acting or causing a consequence in Ohio by working with an Ohio company, ANC Home, LLC (ANC) (*see* Doc. 8 at PAGEID 61 (Ohio Secretary of State registration)), which facilitated defendant's connection and subsequent business transactions with plaintiff—another Ohio company. Plaintiff points to emails and documents from ANC, which defendant attached to its motion, to demonstrate that defendant transacted business in Ohio and/or entered into an agreement with a sales representative for the solicitation of orders in Ohio. (*See id.* at PAGEID 58-60). Plaintiff also argues that defendant's failure to pay on its account, which it had been paying directly and not through an intermediary, caused tortious injury to plaintiff in Ohio.

Where a defendant has moved to dismiss a case under Rule 12(b)(2) for lack of personal jurisdiction, and the district court rules on the motion without an evidentiary hearing, the plaintiff need only make a "prima facie" showing that the court has personal jurisdiction. *Conn v.*

---

[3] All references to "Rule" herein refer to the Federal Rules of Civil Procedure.

*Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citing *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006)). The Court considers the pleadings in the light most favorable to the plaintiff and does not weigh the disputed facts, although the court may consider the defendant's undisputed factual assertions. *Id.* (citing *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153 (6th Cir. 1997); *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261-62 (6th Cir. 1996)).

Where, as here, a federal court's jurisdiction is premised on diversity of citizenship, the plaintiff must satisfy state law requirements for personal jurisdiction. *Schneider v. Hardesty*, 669 F.3d 693, 699 (6th Cir. 2012) (citing *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 361 (6th Cir. 2008)). Under Ohio law, personal jurisdiction over a non-resident defendant exists only if: (1) Ohio's long-arm statute confers jurisdiction, and (2) the requirements of the federal due process clause of the Fourteenth Amendment are met. *Conn*, 667 F.3d at 712 (citing *Kauffman Racing Equip., L.L.C. v. Roberts*, 930 N.E.2d 784, 790 (Ohio 2010); *Goldstein v. Christiansen*, 638 N.E.2d 541, 543 (Ohio 1994)).

Ohio's long-arm statute confers personal jurisdiction over a non-resident if the non-resident's conduct falls within one of the nine bases for jurisdiction listed under the statute. Plaintiff raises the following potentially relevant bases:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state;
> . . . .
>
> (4) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> . . . .

3

> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when the person might reasonably have expected that some person would be injured thereby in this state;
> . . . .
>
> (B) For purposes of this section, a person who enters into an agreement, as a principal, with a sales representative for the solicitation of orders in this state is transacting business in this state.

Ohio Rev. Code § 2307.382.

Federal due process requires that a non-resident defendant have sufficient "minimum contact[s]" with the forum state such that a finding of personal jurisdiction does not "offend traditional notions of fair play and substantial justice." *Conn*, 667 F.3d at 712 (quoting *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)). Federal due process encompasses two types of personal jursidiction: "general jurisdiction, when the suit does not arise from [the] defendant's contacts with the forum state; and specific jurisdiction, where the suit does arise from the defendant's contacts with the forum state." *Id.* at 712-13 (citing *Third Nat'l Bank*, 882 F.2d at 1089). A non-resident defendant may be subject to the general jurisdiction of the forum state only where his contacts with that state are "continuous and systematic." *Id.* at 713 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 & n.9 (1984)). A finding of specific jurisdiction, relevant here, requires that three elements be satisfied:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* (quoting *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002)).

4

Considering the facts in a light most favorable to plaintiff, the Court finds that plaintiff has made out a prima facie case for the Court's exercise of personal jurisdiction over defendant. The Court concludes that defendant transacted business in Ohio for purposes of Ohio's long-arm statute, *see* Ohio Rev. Code § 2307.382(A)(1),[4] which "is coextensive with the purposeful availment prong of the constitutional analysis." *Ironhead Marine, Inc. v. Donald C. Hanna Corp.*, No. 3:10-cv-82, 2011 WL 6817764, at *4 (N.D. Ohio Dec. 28, 2011) (quoting *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 F. App'x 425, 432 (6th Cir. 2006)). "The phrase 'transacting any business' is broad and encompasses more than 'contract.'" *Clark v. Connor*, 695 N.E.2d 751, 755 (Ohio 1998) (quoting *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 559 N.E.2d 477, 480 (Ohio 1990)). The Court identifies the following allegations, as well as statements by defendant, related to defendant's transaction of business in/purposeful availment of Ohio:

- Defendant entered into an agreement with plaintiff, an Ohio company. (Pl.'s Compl., Doc. 2, PAGEID 12-13 at ¶¶ 5, 8).

- Plaintiff shipped construction products to defendant, and defendant accepted these shipments. (*Id.*, PAGEID 13 at ¶¶ 9, 14).

- Plaintiff invoiced defendant for these shipments. (*Id.* at ¶ 15).

- Defendant paid plaintiff directly on the invoices. (Beaty Aff., Doc. 8, PAGEID 57 at ¶ 5).

- The parties were doing business in this way for nearly two years. (Doc. 2, PAGEID 12-13 at ¶¶ 5, 8).

- Defendant failed to pay the invoices in full. (*Id.*, PAGEID 12-14 at ¶¶ 6, 10-12, 14, 16-17, and 19).

---

[4] The other subsections of the long-arm statute raised by plaintiff concern tortious injury, and plaintiff's response elsewhere disclaims that its complaint sounds in tort. (*See, e.g.*, Doc. 11 at PAGEID 81 ([T]his case . . . is specifically premised on contract and commercial transactions.")).

- Defendant entered into an agreement with ANC (an Ohio company (*see* Doc. 8 at PAGEID 61)) to order construction products from companies, including plaintiff. (Def.'s reply, Doc. 14 at PAGEID 105).

The above does not describe a one-off transaction between plaintiff and defendant but instead a business relationship of nearly two years. *See Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 551 (6th Cir. 2007) (finding that the plaintiff had demonstrated "purposeful availment" where "the parties did not engage in a one-time transaction, but in a continuing business relationship that lasted a period of many years"); *Long v. Grill*, 799 N.E.2d 642, 648 (Ohio Ct. App. 2003) (three-month business relationship, *inter alia*, sufficient to demonstrate minimum contacts with Ohio). *See also Speedeon Data, LLC v. Integrated Direct Mktg., LLC*, 718 F. App'x 333, 336 (6th Cir. 2017) (holding that Ohio Revised Code § 2307.382(A)(1) was satisfied where the defendant "reached out to [the plaintiff] in Ohio for a business relationship," negotiated with the plaintiff in Ohio, and "entered into statements of work for services to be completed in Ohio"); *Twist Aero, LLC v. B GSE Grp., LLC*, No. 3:19-cv-337, 2020 WL 1941013, at *7 (S.D. Ohio Apr. 22, 2020) ("[F]acts that services allegedly arose from the purchase order Defendant sent into Ohio, from the parties' business transaction in Ohio, and from Defendant's alleged failure to make payment in Ohio for the services" supported a finding of personal jurisdiction over the defendant.), *report and recommendation adopted as to personal jurisdiction*, 2020 WL 3265628 (S.D. Ohio June 17, 2020)). Making all inferences in plaintiff's favor, the Courts finds that plaintiff's allegations support jurisdiction under Ohio Revised Code § 2307.382(A)(1) and, as such, that the purposeful availment element of the federal specific jurisdiction analysis is satisfied. *See Ironhead Marine*, 2011 WL 6817764, at *4.

Plaintiff has satisfied the remaining elements of the federal specific jurisdiction analysis. The second element requires that "the cause of action . . . arise from the defendant's activities" in

Ohio. *Conn*, 667 F.3d at 713 (quoting *Bird*, 289 F.3d at 874). Plaintiff argues that the consequence rendered by defendant in Ohio (the $304,093.88 balance of unpaid invoices) concerns defendant's contacts with Ohio (i.e., defendant's history of direct payment of plaintiff's invoices for shipped construction products). Finally, where the first two elements of the specific jurisdiction analysis are met, jurisdiction will generally be found reasonable under the third element—the reasonableness of jurisdiction—unless defendant makes an unusually compelling showing otherwise. *Third Nat. Bank*, 882 F.2d at 1092; *Kauffman Racing Equip.*, 930 N.E.2d at 797. Other than to assert general notions of unfairness, defendant makes no such compelling showing here. In any event, Ohio's interest in the controversy is relevant to the reasonableness element, and a forum state has a significant and legitimate interest in redressing injury that occurs within its borders. *Kauffman Racing Equip.*, 930 N.E.2d at 797 (citing *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 776 (1984), and *Bird*, 289 F.3d at 875).

Defendant downplays its connection to Ohio by comparing itself to a buyer purchasing a product from Amazon that is "fulfilled by a remote supplier in interstate commerce" and by emphasizing its lack of physical connection to Ohio. (Doc. 8 at PAGEID 56). These arguments are not persuasive. *See Air Prod. & Controls, Inc.*, 503 F.3d at 551 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)) ("[P]hysical presence in a forum state is not required, and the Supreme Court has 'consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there.'"). *Cf. J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 883 (2011) ("This Court's precedents make clear that it is the defendant's actions, not his expectations, that empower a State's courts to subject him to judgment."). The Court is likewise not persuaded by the statements in defendant's owner's affidavit that it "does no business in Ohio" and does not have a contract with plaintiff. (Doc. 8, PAGEID 57 at ¶ 3). The first

statement is conclusory and, at least to some extent, contradicted by other parts of the affidavit. (*Id.* at ¶¶ 4-5 (defendant's owner states that it does business with another Ohio company, ANC, and paid plaintiff directly)). The second statement, alleging a lack of contractual privity with plaintiff, is not dispositive. *See Clark*, 695 N.E.2d at 755 (holding that "transacting any business" contemplates more than just contractual relationship). Construing plaintiff's allegations in its favor, plaintiff has made out a prima facie case that this Court's jurisdiction over defendant is consistent with Ohio's long-arm statute and federal due process. Defendant's motion to dismiss under Rule 12(b)(2) is denied.

    B. <u>Venue</u>

Defendant states that "Michigan is the proper venue." (Doc. 8 at PAGEID 53). Rule 12(b)(3), cursorily referenced in defendant's motion, provides for the defense of "improper venue." *Id.* "Venue in removed cases," like this one, "is governed solely by § 1441(a)." *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 534 (6th Cir. 2002) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)). Under 28 U.S.C. § 1441(a):

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Defendant makes no argument relative to 28 U.S.C. § 1441(a), the controlling statute. Defendant relies primarily on Ohio Revised Code § 4113.62(D)(2), which states:

> Any provision of a construction contract, agreement, understanding, specification, or other document or documentation that is made a part of a construction contract, subcontract, agreement, or understanding for an improvement, or portion thereof, to real estate in this state that requires any litigation, arbitration, or other dispute resolution process provided for in the construction contract, subcontract, agreement, or understanding to occur in another state is void and unenforceable as against public policy. Any litigation, arbitration, or other dispute resolution process provided for in the construction contract, subcontract, agreement, or

8

> understanding shall take place in the county or counties in which the improvement to real estate is located or at another location within this state mutually agreed upon by the parties.

Ohio Rev. Code § 4113.62(D)(2). Defendant's reliance is misplaced. Ohio Revised Code 4113.62(D)(2) applies, by its terms, to agreements governing "real estate in [Ohio. . . .]" *Id.* Defendant admits that none of its projects involving plaintiff's construction products involve Ohio real estate. (Doc. 8 at PAGEID 52-53). In addition, Ohio Revised Code 4113.62(D)(2) does not contemplate venue; rather, it concerns whether a choice-of-forum provision in the construction-contract context is unenforceable as against Ohio's public policy. *See KO Pipeline, LLC v. Moorhead Bros., Inc.*, No. 2:16-cv-969, 2018 WL 2149732, at *2 n.1 (S.D. Ohio May 10, 2018) (describing this statute as "making non-Ohio choice of law provisions unenforceable in construction contracts for improvements to real estate located in Ohio"). There is no choice-of-law or -forum provision at issue in this case.

Defendant also makes a cursory reference to the doctrine of *forum non conveniens* as a basis for dismissal. Within the federal system, 28 U.S.C. § 1404(a) codified the doctrine and provides for transfer to a more convenient federal forum as opposed to dismissal notwithstanding the fact that venue is proper in the present forum. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). "The common-law doctrine of *forum non conveniens* 'has continuing application [in federal courts] only in cases where the alternative forum is abroad,' [*American Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994)] and perhaps in rare instances where a state or territorial court serves litigational convenience best." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007).

Other than generally referring to Michigan, however, defendant proffers no particular alternative forum (e.g., federal or state) or reason why dismissal (as opposed to transfer) is

9

warranted on the basis of *forum non conveniens*. Defendant cites *Prevent USA Corporation v. Volkswagen AG*, 17 F.4th 653 (6th Cir. 2021), without analysis.[5] In *Prevent USA Corp.*, the court affirmed the dismissal of an antitrust lawsuit based on *forum non conveniens* so that the suit could be brought in Germany. *Id.* at 658-64. In the absence of any explanation or argument by defendant, the Court is unable to discern the relevance of *Prevent USA Corp.* to the matter at hand. Defendant's venue argument is not well-taken and does not justify dismissal of the complaint.

C. Failure to join a party

Defendant's argument on this issue is the following:

> Since ANC obtains and delivers Vinyl Kraft product, RHI presumes that ANC and Vinyl Kraft have a contract. By virtue of privity of contract, ANC is the proper and necessary party to Vinyl Kraft's breach of contract claim under Fed. Civ. R. 19(A), but [was] not made a part of this litigation.

(Doc. 8 at PAGEID 53). Plaintiff responds that there is no such indispensable party.

Rule 12(b)(7) provides for dismissal for failure to join a party under Rule 19. Rule 19(a)(1), in turn, provides that a party must be joined (assuming personal and subject matter jurisdiction are maintained) if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

---

[5] Plaintiff also cites *Crown Servs., Inc. v. Miami Valley Paper Tube Co.*, 166 N.E.3d 1115, 1120 (Ohio 2020). But in addition to defendant providing no analysis thereof, the Court notes that *Crown Servs.* considered whether a dismissal on the basis of *forum non conveniens* was a final appealable order under Ohio law. *Id.*

Fed. R. Civ. P. 19(a)(1)(A)-(B). Other than to presume that plaintiff and ANC have a contractual relationship, defendant does not explain why either prong of Rule 19(a)(1) applies to compel joinder of ANC. Defendant's Rule 12(b)(7) argument is not well-taken and does not justify dismissal of the complaint.

    D. Rule 12(b)(6)

Defendant also argues that plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, a complaint must comply with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Rule 8(a)). A complaint must include sufficient facts to state a claim that is plausible on its face and not speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions [or] a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)).

    1. *Breach of contract*

Defendant argues that plaintiff's breach of contract fails because plaintiff failed to attach to its complaint any agreement it had with defendant pursuant to Ohio Civ. R. 10(D)—an agreement, defendant argues, does not exist. Defendant "presumes" that plaintiff had a contract

with ANC, who defendant argues is the proper defendant to plaintiff's suit. (Doc. 8 at PAGEID 53).[6]

Plaintiff responds that purchase orders and subsequent statements of account may show an agreement when confirmed by the parties' conduct. Plaintiff further argues that Ohio Civ. R. 10(D) does not necessarily require the attachment to a complaint of a written contract but rather expressly contemplates an account statement such as what was attached here.

As an initial matter, the Court looks to Ohio Civ. R. 10(D), which provides:

> (1) *Account or written instrument*. When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading.

Ohio Civ. R. 10(D). The exhibit attached to plaintiff's complaint satisfies Ohio Civ. R. 10(D). (*See* Doc. 2 at PAGEID 16).[7]

A breach-of-contract claim under Ohio law has four elements: "(1) a contract existed; (2) the plaintiff performed under the contract; (3) the defendant breached the contract; and (4) the plaintiff suffered damages from the breach." *Dean v. Chamberlain Univ., LLC*, No. 21-3821, 2022 WL 2168812, at *2 (6th Cir. June 16, 2022) (citing *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006)).

Plaintiff argues that Ohio has adopted the Uniform Commercial Code, under which "[a] contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." Ohio Rev. Code §

---

[6] Defendant also states that "[t]he claim of Account Stated merely is a quasi-contract claim by estoppel[,]" but defendant does not otherwise offer any argument that this is not a claim upon which relief may be granted for purposes of Rule 12(b)(6). (*Id.* at PAGEID 54).

[7] Plaintiff appears to have abandoned the allegation in its complaint suggesting that some other written agreement existed but was not attached because "both parties have copies of such agreement." (Doc. 2, PAGEID 12 at ¶ 5). Plaintiff's response does not address such agreement and instead states only that "purchase orders and subsequent Statements of Account are in and of themselves contracts." (Doc. 11 at PAGEID 78).

1302.07(A). *See also Material Scis. Corp. v. Am. Roll Formed Prod. Corp.*, No. 1:19-cv-1738, 2020 WL 821488, at *2 (N.D. Ohio Feb. 18, 2020) (quoting *Am. Bronze Corp. v. Streamway Prod.*, 456 N.E.2d 1295, 1300 (Ohio Ct. App. 1982)) ("Generally, the submission of a purchase order is viewed as being an offer which may then be accepted or rejected by the seller.").

Plaintiff alleges that it had an agreement with defendant to provide construction products. (Doc. 2, PAGEID 12-13 at ¶¶ 5, 8). Plaintiff also alleges (and demonstrates via the attached account statement) that it shipped and invoiced defendant for construction products that defendant accepted. (Doc. 2, PAGEID 13 at ¶¶ 9, 14-15; PAGEID 16). (*See also* Beaty Aff., Doc. 8 at PAGEID 57 ("When invoiced for Vinyl Kraft supplies, [defendant] sent payment to [plaintiff].")). Finally, plaintiff alleges that defendant breached the parties' agreement by failing to pay for the shipped and accepted product and that it was damaged thereby. (Doc. 2, PAGEID 13 at ¶¶ 11-12). Making all inferences in plaintiff's favor, the Court finds that these allegations plausibly allege a breach of contract claim.

While defendant does not challenge the sufficiency of plaintiff's account claim, the Court notes that an account claim is also a contractual claim:

> An account stated is a contract, whether express or implied, and arises from an agreement or acknowledgement of the balance due as a result of a series of transactions or a course of dealing. [*Creditrust Corp. v. Richard*, No. 99-CA-94, 2000 WL 896265, at *4 (Ohio Ct. App. July 7, 2000)] ("An account stated is predicated upon prior transactions which create a debtor-creditor relationship between the parties to the account.").

*McIntosh v. Controlled Credit Corp.*, No. 1:17-cv-9, 2018 WL 4761456, at *7 (S.D. Ohio Sept. 30, 2018). "The purpose of an action on an account is to avoid the multiplicity of suits necessary if each transaction between the parties (or item on the account) would be construed as constituting a separate cause of action." *Johncol, Inc. v. Cardinal Concession Servs., L.L.C.*, 101 N.E.3d 1014, 1020 (Ohio Ct. App. 2014) (quoting *Citibank v. Hyslop*, No. 12AP-885, 2014 WL

890942, at *2 (Ohio Ct. App. Mar. 6, 2014)). The Court understands plaintiff's breach of contract and account claims to be pled in the alternative, as plaintiff seeks an identical amount of damages—the amount listed on the account attached to its complaint—with respect to both claims. (Doc. 2, PAGEID 12-14 at ¶¶ 6, 12, 15-17; PAGEID 16). *Cf. Tempur-Pedic N. Am., LLC v. SOS Furniture Co.*, No. 5:20-cv-54, 2020 WL 6302650, at *3 n.1 (E.D. Ky. May 4, 2020) (noting that courts applying similar Kentucky, Michigan, and Virginia law have held that awarding damages under both breach of contract and account theories of liability would result in double recovery).

2. *Unjust enrichment*

Defendant argues that unjust enrichment is not recognized as an alternative theory of recovery under Ohio law where an express contract covers the same subject matter. Defendant also argues that plaintiff did not plead the elements of unjust enrichment. Plaintiff responds that it properly pled such elements, and that Ohio law allows this equitable claim to be pled in the alternative to its breach of contract claim.

To state a claim for unjust enrichment under Ohio law, plaintiff must allege that "(1) they conferred a benefit on the defendant; (2) the defendant had knowledge of the benefit; and (3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment." *Duff v. Centene Corp.*, 565 F. Supp. 3d 1004, 1028 (S.D. Ohio 2021) (citing *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984)). Here, plaintiff's complaint alleges that plaintiff shipped defendant construction products that defendant accepted without tendering corresponding payment; defendant knew of the benefit it received; and defendant's retention of the construction products is unjust without payment. (Doc. 2, PAGEID 13-14 at ¶¶ 9-10, 19-23). Plaintiff plausibly alleges a claim for unjust enrichment.

14

Defendant's other argument is based on *Klusty v. Taco Bell Corporation*, which held that an unjust enrichment claim should be dismissed where the plaintiff alleges that express written contracts govern exactly the same subject matter on which an unjust enrichment claim is based. 909 F. Supp. 516, 521 (S.D. Ohio 1995) (citing *Davis & Tatera, Inc., v. Gray-Syracuse, Inc.*, 796 F. Supp. 1078 (S.D. Ohio 1992)). As is clear from the discussion above, however, no such express written contract is at issue here. This Court has recently provided a thorough analysis of defendant's argument:

> "It is well-established that Ohio law does not permit *recovery* under the theory of unjust enrichment when an express contract covers the same subject." *Teknol, Inc. v. Buechel*, [No. C-3-98-416,] 1999 WL 33117391, at *2 (S.D. Ohio Aug. 9, 1999) (citing [*Ullman v. May*, 72 N.E.2d 63, 63 (Ohio 1947)]). Yet, this restriction on recovery "does not stand for the proposition that a plaintiff is precluded from pleading unjust enrichment in the alternative, particularly where there is some dispute over the existence or enforceability of the agreement." *Id.* "Rather, it provides that a plaintiff may not improve upon an improvident agreement . . . by seeking additional recovery under the theory of unjust enrichment." *Id.*

*Melher Transp., Inc. v. Westfall Towing LLC,* No. 2:21-cv-1293, 2021 WL 3860190, at *4 (S.D. Ohio Aug. 30, 2021). The *Melher* Court also distinguished *Klusty* and a similar case, which "involved allegations of express written contracts that covered the totality of the at-issue performance[,]" as follows: "Here, . . . [the parties' agreement's] existence and scope are still hotly disputed. It would therefore be improper to dismiss the alternatively pled unjust enrichment claim at this stage of the proceedings." *Id.* at *5. Given the nature of the contractual claim alleged here, the Court finds the reasoning of *Melher Transp., Inc.* persuasive and that plaintiff should be permitted to plead unjust enrichment in the alternative at this stage of the proceedings.

15

3. *Economic loss doctrine*

Defendant argues that the economic loss doctrine requires plaintiff to seek redress through ANC, with whom it assumes that plaintiff has privity of contract. Plaintiff argues that defendant does not show how the doctrine is applicable to this case, as plaintiff asserts contractual claims against defendant.

The economic loss doctrine:

> generally prevents recovery in tort of damages for purely economic loss. [*See Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624, 630-31 (Ohio 1989); *Floor Craft Floor Covering, Inc. v. Parma Cmty. Gen. Hosp. Assn.*, 560 N.E.2d 206, 208 (Ohio 1990)]. "'[T]he well-established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable.'" [*Chemtrol*, 537 N.E.2d at 630, quoting *Nebraska Innkeepers, Inc. v. Pittsburgh-Des Moines Corp.*, 345 N.W.2d 124, 126 (Iowa 1984). *See also Floor Craft*, 560 N.E.2d at 208]. This rule stems from the recognition of a balance between tort law, designed to redress losses suffered by breach of a duty imposed by law to protect societal interests, and contract law, which holds that "parties to a commercial transaction should remain free to govern their own affairs." [*Chemtrol*, 537 N.E.2d 628. *See also Floor* Craft, 560 N.E.2d at 211 (quoting *Sensenbrenner v. Rust, Orling & Neale Architects, Inc.*, 374 S.E.2d 55, 58 (Va. 1988))].

*Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*, 835 N.E.2d 701, 704 (Ohio 2005).

While plaintiff alleges a claim of unjust enrichment in the alternative to its breach of contract claim, plaintiff does not allege negligence. In *Floor Craft*, cited by defendant, a flooring contractor plaintiff had a construction contract with a hospital. 560 N.E.2d at 207. The plaintiff asserted a negligence claim against the architect that prepared the hospital's project plans and specification, for which the hospital had contracted with the flooring contractor. *Id.* The court affirmed the dismissal of the flooring contractor's negligence claim against the architect based on the economic loss doctrine. *Id.* at 208. *Floor Craft* did not address a claim of unjust enrichment or the alternative pleading exercised by plaintiff here, and defendant offers no

16

other case law suggesting that the doctrine is applicable under such circumstances. *Cf. Eysoldt v. ProScan Imaging,* 957 N.E.2d 780, 785 (Ohio Ct. App. 2011) ("The rationalization for the [economic loss] doctrine has its roots in negligence law."). The Court therefore declines to dismiss plaintiff's action on the basis of the economic loss doctrine.

### III. Conclusion

The Court concludes that plaintiff has made a prima facie showing that its jurisdiction over defendant is proper. Defendant's arguments relative to venue, joinder, and the economic loss doctrine are unavailing. Finally, plaintiff's causes of action for breach of contract and unjust enrichment alternatively state claims for which relief may be granted. Defendant's motion to dismiss (Doc. 8) is therefore **DENIED**.

Date: 10/3/2022

Karen L. Litkovitz
United States Magistrate Judge